**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOWARD D., <br><br>                Plaintiff, <br><br>        v. <br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br>                Defendant. | Civil Action No. 19-9241 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Howard D.'s ("Plaintiff")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Plaintiff's request for benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c)(3), and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

**I.      BACKGROUND**

      In this appeal, the Court must determine whether the Administrative Law Judge ("ALJ") properly considered Plaintiff's impairments, calculated a residual functional capacity ("RFC") based on substantial evidence in the record, and appropriately relied on the vocational expert's

---

[1] Under Standing Order 21-10 for the United States District Court for the District of New Jersey, Plaintiff is referenced solely by first name and last initial. *See* Order 2021-10 (D.N.J. Oct. 1, 2021).

testimony. The Court begins with a brief background of the procedural posture and decision by the ALJ.[2]

### A.  Procedural History

Plaintiff filed an application for Social Security Disability Insurance and protectively filed a supplemental income application in July 2014, alleging an onset date of December 7, 2012. (AR 13, 370-82.) Plaintiff's applications were denied initially and then later on reconsideration. (*Id.* at 233-42, 246-51.) The ALJ conducted two administrative hearings and subsequently issued a decision (the "Decision") finding that Plaintiff was not disabled.[3] (*Id.* at 13-28, 34-143.) Following Plaintiff's appeal, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5.) Two months later, Plaintiff filed an appeal to this Court. (ECF No. 1.) Plaintiff moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[4] (ECF No. 20.) The Commissioner opposed (ECF No. 21), and Plaintiff did not reply.

### B.  The ALJ's Decision

In her written opinion, the ALJ first set forth the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled. (AR 14-15 (citing 20 C.F.R. §§ 404.1520(a), 416.920(a)).) The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. (*Id.* at 15.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since the alleged onset date. (*Id.* at 16 (citing 20 C.F.R. §§ 404.1571, 416.971).)

---

[2] The Administrative Record ("AR") is found at ECF Nos. 11 through 11-9. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

[3] The ALJ held an initial hearing on March 9, 2017, and a subsequent hearing on March 13, 2018. (AR 34-143.) Plaintiff was represented by counsel at the second hearing but was not present.

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

At step two, the ALJ found that Plaintiff had the following severe impairments:

> [H]istory of left frontal cerebral contusion, left occipital cerebral contusion, left parietal subarac[h]noid hemorrhage, right frontal bone fracture, bilateral orbit fractures, bilateral nasal fractures, right cranial nerve [six] palsy, history of sternal fracture/dislocation, right T1 transverse process fracture, right ACL joint separation, idiopathic peripheral neuropathy, affective disorder, anxiety disorder, organic brain syndrome, and alcohol and substance addiction disorders.

(*Id.* at 16 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) At step three, the ALJ determined that Plaintiff lacked an impairment or combination of impairments that met or medically equaled the severity of one of the Social Security Administration's listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 16-17 (citations omitted).) As such, the ALJ determined that Plaintiff's evaluation needed to proceed to the next step.

Prior to step four, the ALJ determined that Plaintiff had residual functional capacity to perform light work (as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)), finding as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work . . . except he is limited to no climbing ladders, ropes and scaffolds; to no exposure to hazards including unprotected heights and moving machinery; to no more than frequent reaching, handling, fingering and feeling other than no more than occasional feeling with the non-dominant left upper extremity; to routine tasks; to short, simple instructions; and to work related decisions with few workplace changes.

(*Id.* at 18.) In making that determination, the ALJ found that Plaintiff was unable to perform any past relevant work as a construction carpenter, which was described as "skilled work with a[] [specific vocational preparation] of [eight] and performed at a medium to heavy exertional level." (*Id.* at 26.) The ALJ determined that because Plaintiff was limited to light work, the demands of his past relevant work exceeded his residual functional capacity. (*Id.*) The ALJ thus proceeded to step five.

3

At the final step, in assessing what jobs Plaintiff could perform in the national economy, the ALJ noted that Plaintiff was 45 years old, had limited education, spoke English, and had prior work experience. (*Id.*) The ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are "jobs that exist in significant numbers in the national economy" that Plaintiff could perform. (*Id.*) As part of the ALJ's Decision that counseled this finding, the ALJ considered the medical records and opinions of multiple doctors and specialists. (*Id.* at 18-26.) Ultimately, the ALJ concluded that Plaintiff was able to perform light work as an attendant, inspector, or clerical worker, and found that Plaintiff was "not disabled" through the date of the Decision. (*Id.* at 27.)

## II.   LEGAL STANDARD

### A.   Judicial Review of the Commissioner's Decision

The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g). On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*; *see also Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. 42 U.S.C. § 405(g); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion" and "more than a mere scintilla." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To that end, substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation and citation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted). An ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000)).

B.    **Establishing Disability**

To be eligible for disability benefits, a claimant must be unable to "engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Pertinent regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, claimants must establish that they have not engaged in any SGA since the onset of their disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If claimants satisfy the first two steps, the third step requires claimants to provide evidence that their impairments are equal to at least one of the impairments within the Listing of Impairments under Part 404, Subpart P, Appendix 1 ("Listings") of the relevant Social Security regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If claimants so demonstrate, they are presumed to be disabled and are entitled to disability benefits. *Id.* If they cannot, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' residual functional capacity permits them to resume their previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If claimants can perform their previous line of work, then they are not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). If under the fourth step, claimants are unable to return to their previous work, the analysis proceeds to step five. 20 C.F.R. § 404.1520(e). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work that aligns with their medical impairments, age, education, past work experience, and residual

6

functional capacity. *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, claimants will receive Social Security benefits. 20 C.F.R. § 404.1520(g).

**III.   DISCUSSION**

Plaintiff argues that the Commissioner's final administrative decision is not supported by substantial evidence and urges the Court to either reverse it and order the payment of benefits or remand for a new hearing. (Pl.'s Moving Br. 9, ECF No. 20.) Specifically, Plaintiff claims the following errors: (1) the ALJ's step-three analysis incorrectly accounted for the severe and non-severe medical impairments; (2) the ALJ did not adequately explain or analyze the RFC calculation; and (3) the vocational expert's ("Expert") March 2018 testimony contradicted both the Dictionary of Occupational Titles ("DOT") and Social Security policy. (*Id.* at 10-11.) The Court addresses each argument in turn.

*First*, Plaintiff argues that the ALJ erred at step three by failing to "consider[] the limitations imposed by his acknowledged severe impairments" and incorrectly "assess[ing] the limitations that the [D]ecision erroneously considers non-severe impairments." (*Id.* at 11.) Plaintiff claims that the ALJ's Decision "doesn't say anything, mean anything, or constitute a reviewable finding," and further was in error because the final sentence of a paragraph within the Decision's step-three analysis abruptly ends by, perhaps, "some typing mishap."[5] (*Id.* at 13.) Further, Plaintiff argues that the ALJ failed to mention a series of severe medical conditions in her step-three analysis leaving the Court with an inadequate record to review. (*Id.* at 13-14.)

---

[5] As a preliminary matter, the Court notes that the typographical error referenced by Plaintiff is harmless if it "had no effect on the ALJ's final [D]ecision" that is otherwise supported by substantial evidence. *Ortiz v. Astrue*, No. 10-3538, 2011 WL 5190450, at *15 (D.N.J. Oct. 28, 2011). Rather, the touchstone of the Court's analysis is whether "the ALJ's [D]ecision, read as a whole," illustrates that the ALJ considered the appropriate factors in her step-three analysis and sufficiently described her conclusions to allow for meaningful judicial review. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

At step three, ALJs must provide "some discussion" of their determination, but "need not 'use particular language or adhere to a particular format in conducting [their] analysis,' as long as 'there is sufficient development of the record and explanation of findings to permit meaningful review.'" *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)). Even if the ALJ's step-three analysis is deficient as to certain impairments, Plaintiff must provide reasons as to why he "might have prevailed at step three if the ALJ's analysis had been more thorough." *Id.*

Reviewing the Decision as a whole, the Court finds no error at step three. To start, the ALJ considered the Listings in reaching her conclusions. (AR 16.) Beyond just considering them in the abstract, the ALJ addressed each impairment in subsequent parts of her Decision, as well as facts that negate an essential element of each Listing. *Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 132 (3d Cir. 2021) (finding that even though the ALJ provided a conclusory statement as to why plaintiff's impairments did not meet the matching Listing, subsequent discussions in the ALJ's decision of the impairment provided sufficient explanation). Specifically, the ALJ found Plaintiff could ambulate effectively, precluding a finding under Listings 1.02A, 1.04, 11.14A, and 11.18A. (*E.g.*, AR 20 (citing Dr. Dario Lecusay's finding that Plaintiff had normal gait and range of motion), AR 22 ("gait was normal with full range of motion"), AR 23 ("gait and posture were normal"), AR 24 ("strength and sensation were intact").) Similarly, the ALJ found Plaintiff could perform fine and gross movements, foreclosing a finding under Listing 1.02B. (*E.g.*, AR 21 ("intact hand and finger dexterity with 5/5 grip strength bilaterally"), AR 22 ("[Plaintiff's] extremities were normal other than a bandaged and swollen right finger"), AR 25 ("[Plaintiff has] full use of his hands").) For these same reasons, the ALJ found that Plaintiff's limitations were less than marked and that he could perform the sitting, standing, and lifting requirements of light work. (AR 17-18 (citing

8

20 CFR §§ 404.1567(b), 416.967(b)).) Considering the ALJ's reasoning in the Decision, the Court finds substantial evidence to support her findings on Plaintiff's physical limitations. Alternatively, Plaintiff failed to show how he could prevail at step three as the ALJ found at least one element for each Listing absent. *Holloman*, 639 F. App'x at 814.

Plaintiff also takes issue with the ALJ's analysis of his mental impairments, claiming the Decision failed to mention certain medical examinations and includes only "highly selective" references to medical findings. (Pl.'s Moving Br. 15.) The Court disagrees. Contrary to Plaintiff's allegation, the ALJ addressed and considered the 2008 medical examination that Plaintiff claims she ignored. (*Compare* Pl.'s Moving Br. 14 ("The decision does not mention . . . anywhere in the decision itself that [P]laintiff was tested at the Kessler Institute for Rehabilitation in October of 2008" (citing AR 845-48)), *with* AR 24-25 ("Similarly, Karen Kepler, D.O., P.h.D., of the Kessler Institute of Rehabilitation completed a statement on October 14, 2008 in which she stated . . . ." (citing AR 848-50)), and AR 20 ("Between 2009 and 2012, orthopedic progress notes showed that the claimant participated in an extensive course of physical, occupational and cognitive therapy through the Kessler Institute." (citing AR 708-38)).) Also contrary to Plaintiff's assertions, the ALJ took note of Plaintiff's disheveled appearance at his consultative examination but found no evidence in the record that healthcare providers were concerned about his ability to care for himself. (AR 17.) Moreover, Plaintiff testified to being "independent in bathing and dressing." (*Id.*) The Decision is replete with references to Plaintiff's testimony, (*id.*), medical practitioners' reports, (*id.* at 18-26), and statements from Plaintiff's mother, (*id.* at 17, 19 (citing AR 476-78)). The Court finds the ALJ reached her step-three conclusion, therefore, based on substantial evidence in the record. (*E.g.*, AR 17 (concluding that Plaintiff's ability to conduct mechanical work on tractors reflects a higher cognitive capacity than he alleged), AR 25 (relying on Dr. Arrington's medical

9

findings).) Plaintiff's disagreement with the ALJ's conclusions on mental impairments is not grounds for remand.

  *Second*, the Court finds that the ALJ's RFC assessment is supported by substantial evidence. To be sure, ALJs have discretion to determine a claimant's RFC so long as they review, consider, and support their findings with evidence in the record. *Chandler v. Comm'r Soc. Sec.*, 667 F.3d 356, 361-62 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations."). The ALJ found that Plaintiff can perform light work as defined under 20 C.F.R. Part 404.1567(b). (AR 18.) Specifically, regarding her RFC finding, the ALJ detailed an extensive year-by-year recitation of Plaintiff's medical history and how she weighed each finding. (*Id.* at 18-25.) To overcome this analysis, Plaintiff cites to four medical impairments that purportedly demonstrate his inability to do light work. (Pl.'s Moving Br. 19-20 (citing Plaintiff's impairments such as, among others, his left knee instability, peripheral neuropathy, and a pronounced limp).) But the ALJ addressed each of these impairments in her Decision and relied on multiple medical reports in doing so. (*E.g.*, AR 21 ("examination of the knee [by Dr. Philip Glassner] showed normal gait and stance, no tenderness, no swelling, full range of motion and intact strength"), AR 21 (noting Dr. Lecusay's finding that Plaintiff's examination remained "essentially normal" and he was "clinically doing well"), AR 21-22 (Dr. Liebman finding Plaintiff's "gait was normal with full range of motion, intact muscle strength, and stability throughout"), AR 26 (finding Plaintiff can take out the trash, work in the garden, and work on tractors), AR 21 (finding intact hand and finger dexterity with normal grip strength), AR 25 ("extremity examination was normal").) The Court finds substantial evidence supports the ALJ's RFC finding. (AR 25-26.)

*Third*, Plaintiff takes issue with the ALJ's reliance on the Expert's testimony at his second disability hearing. (Pl.'s Moving Br. 21-32.) According to Plaintiff, the Expert's testimony understated the standing and walking requirements of light work as defined by the DOT.[6] But the Expert testified that the types of jobs Plaintiff could perform would require the ability to stand and walk "generally around six [hours]," which is consistent with both the DOT and Commissioner's guidelines. (AR 61; *see also* AR 64 (Expert explained that light work requires "up to six hours" of standing and walking per shift).) The Court is satisfied the Expert understood the requirements of light work and there was no conflict with the DOT. The ALJ's reliance on the Expert's testimony as part of step five, therefore, is supported by substantial evidence. *Davis v. Comm'r Soc. Sec.*, No. 17-9424, 2019 WL 449200, at *3 (D.N.J. Feb. 5, 2019) ("The vocational expert's testimony constitutes substantial evidence.").[7]

---

[6] Relevant regulations and definitions define "light work" as follows:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is in this category when it requires a good deal of walking or standing -- the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls . . . . Relatively few unskilled light jobs are performed in a seated position . . . . Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work **requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday**.

SSR 83-10 (Jan. 1, 1983) (emphasis added).

[7] Contrary to Plaintiff's argument, the Court finds no ambiguity as to which vocational expert the ALJ relied on in reaching her conclusion. (Pl.'s Moving Br. 26.) A comparison of the ALJ's step-five findings with the hearing transcripts leaves little doubt that the ALJ relied on the second Expert's testimony, given in March 2018. (*compare* AR 27, *with* AR 52.)

11

## IV. CONCLUSION

Having reviewed the ALJ's Decision as a whole, the Court affirms the Commissioner's final decision and denies Plaintiff's appeal. The Court will issue an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**